**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**VICTOR M. PERRYMAN, #37272**                                        **PLAINTIFF**

**VERSUS**                                        **CIVIL ACTION NO.  5:10-cv-167-DCB-RHW**

**CORRECTIONS CORPORATION OF AMERICA, et al.**                **DEFENDANTS**

<u>**MEMORANDUM OPINION**</u>

Plaintiff, an inmate of the Mississippi Department of Corrections, filed on October 28, 2010, a *pro se* complaint pursuant to  42 U.S.C. § 1983 and requested *in forma pauperis* status.  On November 23, 2010, an Order [3] was entered denying Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g),[1] commonly referred to as the "three-strikes" provision.  The Order directed Plaintiff to pay the full filing fee of  $350.00, within thirty days.  Plaintiff was warned that failure to pay the filing fee within thirty days would result in the dismissal of his case.  Plaintiff failed to comply with this Order.

Since Plaintiff is proceeding *pro se*, he was provided one final opportunity to pay the filing fee prior to the dismissal of his complaint.  On January 19, 2011, an Order [4] was entered directing Plaintiff to show cause, on or before February 3, 2011, why this case should not be dismissed for his failure to comply with the Court's Order of November 23, 2010.  In addition, Plaintiff was directed to comply with the Order, by paying the filing fee, on or

---

[1]     "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

before February 3, 2011.  The Show Cause Order [4] warned Plaintiff that failure to timely

comply with the requirements of the Order would lead to the dismissal of his complaint,

without further notice.

On February 3, 2011, Plaintiff filed a Motion [6] for an extension of time to pay the

filing fee or secure counsel for this case.  On February 7, 2011, an Order [9] was entered

granting Plaintiff's Motion [6] and the deadline for paying the fee was extended to February

28, 2011.  This Order [9] clearly warned Plaintiff that if the fee was not paid on or before

February 28, 2011, this case would be dismissed without further notice.  Plaintiff has not paid

the filing fee, thereby failing to comply with three Court Orders.

This Court has the authority to dismiss an action for failure to prosecute and failure to

comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under

its inherent authority to dismiss the action *sua sponte*.  *See Link v. Wabash R.R.*, 370 U.S.

626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998);  *McCullough v. Lynaugh*, 835

F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain

dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve

the orderly and expeditious disposition of cases.  *Link*, 370 U.S. at 630.  Such a "sanction is

necessary in order to prevent undue delays in the disposition of pending cases and to avoid

congestion in the calendars" of the Court.  *Id*. at 629-30.

The Court concludes that dismissal of this action for Plaintiff's failure to prosecute and

failure to comply with the orders of the Court under Rule 41(b) of the Federal Rules of Civil

Procedure is proper.  *See Rice v. Doe*, 306 F. App'x 144 (5th Cir. 2009).  Since the

Defendants have not been called on to respond to Plaintiff's pleading, and the Court has not

considered the merits of Plaintiff's claims, the Court's order of dismissal is without prejudice.

*See Munday/Elkins Auto. Partners, Ltd. v. Smith*, 201 F. App'x 265, 267 (5th Cir. 2006).

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED, this the 16th   day of  March, 2011.


 s/David Bramlette
UNITED STATES DISTRICT JUDGE